## MARTÍNEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Mayagüez.

No. 4.—Decided March 25, 1904.

MORTGAGE—PARTIAL PAYMENT AND EXTENSION OF THE TIME FOR PAYMENT OF BALANCE.—An instrument by which a mortgage debt is canceled in part, and

nuevos plazos para pagar el resto, quedando subsistente y en toda su fuerza y vigor la primitiva hipoteca, constituye una obligación perfectamente válida y eficáz é inscribible en el Registro.

Id.—Acreedores Posteriores.—La cancelación parcial de una primera hipoteca y la concesión de una prórroga para pagar el resto, quedando subsistente la hipoteca primitiva, es un contrato que, lejos de perjudicar, beneficia á los acreedores posteriores, que conservan la plenitud de sus derechos, sin perjuicio de los derechos preferentes del primer acreedor para hacer efectivo el resto de su crédito á su vencimiento.

Id.—Cancelacion.—Si una hipoteca no apareciere cancelada en el Registro de la Propiedad debe estimarse vigente para todos los efectos legales.

## EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don Pascasio Fajardo y Cardona, á nombre de Don Rogelio Martínez, contra negativa del Registrador de la Propiedad de Mayagüez, á inscribir una escritura de prórroga de un crédito hipotecario.

*Resultando* : que por escritura otorgada en la ciudad de Mayagüez ante el Notario de la misma Don Santiago R. Palmer, en 16 de Febrero de 1888, Don Pedro Acevedo y Rodríguez, acreedor hipotecario de Don Teodoro Forestier, por la suma de cinco mil quinientos pesos moneda corriente en el comercio, en la fecha del contrato, declaró haber recibido del mismo, á cuenta de su crédito la suma de mil trescientos pesos, prorrogándole el resto, dé cuatro mil doscientos, por cuatro años más, á pagar mil doscientos en primero de Marzo de 1889, y á razón de mil pesos en igual día de los años sucesivos de 1890, 1891 y 1892, y quedando vigente, y en toda su fuerza y vigor, la hipoteca constituida á favor del citado acreedor, por la escritura hipotecaria primitiva, y que presentada dicha escritura de prórroga al Registro de la Propiedad de Mayagüez para su inscripción, le fué denegada por el Registrador, por los fundamentos de la nota puesta al pié de la misma, la que copiada á la letra dice así:

new terms are allowed the debtor for the payment of the balance, the original mortgage remaining in full force and effect, constitutes a perfectly valid and effective obligation, and is, therefore, recordable in the Registry of Property.

ID.—SUBSEQUENT CREDITORS.—The partial cancellation of a first mortgage, and the granting of an extension of time for the payment of the balance, the original mortgage continuing in force, is a contract which, instead of injuring operates to the benefit of subsequent creditors, who preserve their full rights without prejudice to the preferred right of the first mortgage creditor to collect the balance of his credit at maturity.

ID.—CANCELLATION.—Where a mortgage does not appear to have been canceled in the Registry of Property, it should be considered in force for all legal purposes.

### STATEMENT OF THE CASE.

A hearing was had of the present administrative appeal taken by Attorney Pascasio Fajardo y Cardona, on behalf of Rogelio Martínez, from a decision of the registrar of property of Mayagüez refusing to record an instrument granting an extension of time for the satisfaction of a mortgage debt.

By an instrument executed in the city of Mayagüez before Notary Santiago R. Palmer, of said city, February 16, 1888, Pedro Acevedo y Rodríguez, mortgage creditor of Teodoro Forestier, for the sum of five thousand five hundred *pesos,* current money of commerce at the date of the contract, declared having received from the latter on account of his claim, the sum of one thousand three hundred *pesos,* allowing him for the balance of four thousand two hundred *pesos,* a further extension of four years, one thousand two hundred *pesos* of said balance to be paid on March 1, 1899, and at the rate of one thousand *pesos* on the same day, respectively, of the years 1890, 1891 and 1892, the mortgage executed in favor of aforesaid creditor to remain in full force and effect, according to the original mortgage deed. Said instrument of extension having been presented at the Registry of Property of Mayagüez for admission to record, the same was refused by the registrar for the reasons set forth in a note placed at the bottom thereof, and which reads as follows:

"No admitida la inscripción del precedente documento por el defecto insubsanable de contenerse en el mismo, una novación parcial del contrato primitivo, que perjudica derechos de tercero, y tomada en su lugar anotación preventiva por ciento veinte días, al folio 151 vuelto del tomo 10 de Las Marías, finca número 113 triplicado, anotación letra A.; con los defectos subsanables además, de no expresarse las colindancias de la finca, ni si es primera ó posterior copia la que motiva esta nota. Mayagüez 5 de Febrero de 1904. El Registrador, Ledo. Juan Irizarry. Hons., siete dollars, veinte y cinco centavos; 1 y 7 Al. Hay un sello de Rentas Internas por valor de cincuenta centavos".

*Resultando*: que contra esta nota ha interpuesto en tiempo el abogado Don Pascasio Fajardo, á nombre de Don Rogelio Martínez, como dueño, en parte, del crédito hipotecario de que se trata, el presente recurso gubernativo para que se revoque dicha nota y se ordene al Registrador que inscriba la expresada escritura; habiendo comparecido también por escrito, ante este Tribunal Supremo, el Registrador de la Propiedad de Mayagüez, alegando las razones que estimó pertinentes en confirmación de su nota denegatoria.

Abogado del recurrente: *Sr. Fajardo.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que la escritura de que se trata, por la que se extingue en parte un crédito hipotecario, y se conceden al deudor nuevos plazos para pagar el resto, quedando subsistente y en toda su fuerza y vigor la primitiva hipoteca, constituye una obligación perfectamente válida y eficáz y por consiguiente, inscribible en el Registro de la Propiedad, sin que de ello puedan resultar perjudicados los hipotecarios posteriores, sino antes al contrario, favorecidos, toda vez que, extinguido en parte el crédito del primer acreedor hipotecario y anotada la cancelación parcial de dicho crédito en el Registro de la Propiedad, de eso ménos responde la finca hipotecada, en beneficio para los hipotecarios posteriores,

"The record of the foregoing instrument is not admitted because of the incurable defect of containing therein a partial novation of the original contract which prejudices the rights of a third party, and instead thereof a cautionary notice has been made to have effect during one hundred and twenty days, at folio 151, reverse side, of volume 10 of Las Marías, estate No. 113, triplicate, notice letter A; with the curable defects, moreover, of failing to describe the boundaries of the estate, and whether the copy giving rise to the present notice is a first copy or a subsequent one. Mayagüez, February 5, 1904. Juan Irizarri, Registrar. Fees, seven dollars and twenty-five cents. 1 and 7. A. 1. There is an internal revenue stamp of the value of fifty cents."

From this decision the present administrative appeal was in due time taken by Attorney Pascasio Fajardo, on behalf of Rogelio Martínez, as part owner of the mortgage credit in question, praying that said decision be set aside and the registrar ordered to record aforesaid instrument. The registrar of property of Mayagüez also entered an appearance in writing in this Supreme Court, and alleged such reasons as by him were deemed pertinent in support of his decision.

*Mr. Fajardo,* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The instrument in question, whereby a mortgage deed is partially extinguished, and new terms are allowed the debtor for the payment of the balance, the original mortgage remaining in full force and effect, constitutes a perfectly valid and effective obligation and is, therefore, recordable in the Registry of Property, without any prejudice resulting thereby to subsequent mortgagees, they, on the contrary, being benefited, inasmuch as the credit of the first mortgagee having been extinguished in part, and the partial cancellation of said credit entered in the Registry of Property, to that extent the liability of the mortgaged estate is reduced to the advantage of subsequent mortgagees, who, on the other hand, preserve

los que, por otra parte, conservan la plenitud de sus derechos, sin perjuicio, como es natural, de la preferencia que corresponde al primer acreedor hipotecario por el resto de su crédito para hacerlo efectivo á su vencimiento, atendida la prioridad de su hipoteca, puesto que no apareciendo cancelada en el Registro de la Propiedad, debía estimarse vigente para todos los efectos legales, sobre cuyo particular ninguno de los terceros interesados puede alegar ignorancia.

*Considerando*: por tanto, que no existe el defecto insubsanable que impida la inscripción de la escritura, como con manifiesto error lo consigna el Registrador de la Propiedad de Mayagüez, en su nota.

*Vistos* los Artículos 65 y 77 de la Ley Hipotecaria y 110 del Reglamento, y la Sección 6ª. de la Ley votada por la Asamblea Legislativa de esta Isla, sobre recursos contra las resoluciones de los Registradores de la Propiedad.

*Se. revoca* la nota puesta por el Registrador de la Propiedad de Mayagüez al pié. de la escritura de que se trata en el presente recurso, y se declara que dicha escritura es inscribible, aunque con los defectos subsanables á que se refiere el Registrador en su nota y que no han sido impugnados en el presente recurso; y se condena al Registrador de la Propiedad de Mayagüez al pago de los gastos ocasionados á la parte recurrente, hasta la suma de veinte dollars y á practicar gratuitamente la inscripción de la expresada escritura; devolviéndosele los documentos presentados, con copia de la presente resolución, para su conocimiento y demás efectos legales procedentes.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

all their rights without prejudice, as is natural, to the preference due the first mortgage creditor with respect to the balance of the credit for the purpose of collecting the same at maturity by reason of the priority of his mortgage, since not being canceled in the Registry of Property, the latter should be considered in force for all legal purposes, as to which particular none of the third parties interested can allege ignorance.

Therefore, the incurable defect precluding the record of the deed, as stated in his note, with manifest errors, by the registrar of property of Mayagüez, does not exist.

In view of articles 65 and 77 of the Mortgage Law, and article 110 of the Regulations, and section 6 of the act of the Legislative Assembly of this Island providing for appeals from the decisions of registrars of property, the decision placed by the registrar of property of Mayagüez at the foot of the instrument to which the present appeal refers is set aside, said deed being adjudged recordable, although with the curable defects mentioned in said decision by the registrar of property of Mayagüez, and to which no exception has been taken on the present appeal. The registrar of property of Mayagüez is adjudged to pay the expenses incurred by the appellant, up to the sum of twenty dollars, and to record the aforesaid deed without charge. The documents presented are ordered to be returned with a copy of this decision, for his information and other proper legal purposes.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.